## UNITED STATES *v.* HERR.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
DISTRICT OF COLORADO.

No. 292.  Argued October 15, 1908.—Decided December 14, 1908.

Decided on the authority of *United States* v. *Keitel, ante,* p. 370.
157 Fed. Rep. 396, affirmed.

THE facts are stated in the opinion.

*The Attorney General* and *The Solicitor General,* with whom
*Mr. Edwin W. Lawrence,* Special Assistant to the Attorney
General, was on the brief, for the United States.[1]

*Mr. B. W. Ritter* and *Mr. N. C. Miller,* with whom *Mr. Edgar Buchanan* was on the brief, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

The indictment in this case contains two counts, each purporting to charge the commission of an offense in violation of
Rev. Stat., § 4746, as amended.

The substantial charge in each count is that the defendant
unlawfully procured a named person, in connection with a
preferential entry of coal lands, to make and present to the
Secretary of the Interior, by and through the register and receiver of the United States Land Office at Durango, Colorado,
an affidavit at purchase, which was false and fraudulent in
specified particulars.  A demurrer to the indictment was filed
and the validity of each count was assailed on many grounds.
In disposing of the demurrer it was assumed by the District

_____

[1] For abstract of argument see *United States* v. *Keitel et al., ante,* p. 372.

Judge, as conceded by the Government, that the affidavit was not, in fact, presented to the Secretary of the Interior, but was simply filed in the local land office.

The demurrer was sustained, "for reasons given on consideration of the second count in the indictment," in the case against *F. W. Keitel et al.*  The case at bar comes within the principles applied by us in No. 287, just decided, where, in passing upon the rulings made below in the *Keitel case*, it was held that the second count of the indictment there considered, when the statute was correctly construed, stated no offense. The judgment below, which involved a similar ruling, is therefore

*Affirmed.*