**WESTERN BANK & TRUST CO v MITCHELL et (2 cases)**

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4141 & 4142. Decided Dec 19, 1932

Peck, Shaffer & Williams, Cincinnati, for plaintiff, The Western Bank & Trust Company.

Cooper & Rich, for defendants, Carl P. Mitchell and Marie H. Mitchell.

Dinsmore, Shohl & Sawyer, Cincinnati, for defendants, C. Dean Poage and Marion Poage and Robert Stewart Mitchell.

Bates, Stewart & Skirvin, Cincinnati, for defendant, The Eagle Savings & Loan Association.

Fred Weiland, Cincinnati, for defendant, Stella Jacobs.

Kunkle & Kunkle, Cincinnati, for Harry C. Busch.

HAMILTON, J.

The question for consideration here is on the demurrers of plaintiff to the supplemental answers.

The question for consideration may be stated thus:

Does the bankruptcy proceeding deprive the state court of jurisdiction, thereby abating the action from the date of the filing of the petition in bankruptcy?

Counsel against the demurrers argue that to maintain the action, the plaintiff bank must be a judgment creditor or have a lien prior to the filing of the petition in bankruptcy, and not being a judgment creditor or lienholder at the time has no capacity to maintain the action, since all the property vested in the trustee upon the adjudication in bankruptcy, and cites the case of **Huwe v Knecht, 10 Oh Ap, 487,** decision by this court, to the effect that a pending suit creates no lien. In our view of the case whether or not plaintiff has a lien at the time of the filing of the petition in bankruptcy does not determine the question under consideration. The right to bring and maintain the action in the state court is given by the statutes of Ohio.

We, therefore, pass to the consideration of the question as to whether or not the state court is deprived of jurisdiction by the bankruptcy proceeding.

The plaintiff's petitions were filed more than eight months before Mitchell filed his petition in bankruptcy.

In the proceedings in the Court of Common Pleas, the trustee in bankruptcy, on his application, was made a party defendant in the case, with leave to answer. The trustee did not file an answer or any other pleading. In this court, the trustee presents an application to be made a party, and filed a cross-petition, in which he adopts the allegations of the plaintiff's petitions, and asks the same relief as was sought in the petition, and further asks that the cause proceed upon his behalf as such trustee in bankruptcy, and that he, as such trustee in bankruptcy, is entitled to receive any assets that may result for the benefit of the creditors. We refer to the action of the trustee, in view of the decision of the Federal Court in the case of In Re Buchan's Soap Corporation, reported in 169 Fed. Rep., page 1017, where the court states:

"When an action on an unliquidated claim is pending in a state court at the time that bankruptcy occurs, and the receiver or trustee applies for an order to stay proceedings in such action, such an order is usually made, in view of the greater simplicity and promptness of a proceeding before the referee; but if a trustee does not apply for a stay, and permits the case to go to judgment, in an action pending in a state court, the claim is thereby liquidated, and the judgment affords proper proof of the amount of the claim as liquidated."

This pronouncement indicates that the person to challenge the action in the state court is the referee or trustee in bankruptcy, and unless the bankruptcy procedure ipso facto destroys the jurisdiction of the state court in the case, the objection to the state court proceeding must be taken by the trustee or referee in bankruptcy, and the defendants would have no right to challenge the right of the plaintiff to maintain the action in the state court.

The petition was filed under favor of §11104 GC, which was formerly R.S., §6343.

Sec 11106 GC is supplemental to §11104, GC, and provides that any creditor may bring such an action as is provided for in §11104 GC. The plaintiff was such a creditor. The petition charges the things listed under §11104 GC. The state court had jurisdiction of the subject-matter of the suit, and secured jurisdiction of all the parties. Eight months later the petition in bankruptcy was filed.

We are of opinion that the case of Stellwagon v Clum, 245 U. S., 605, determines the question in favor of the demurrant, the plaintiff bank in these cases.

In the Stellwagon v Clum case, supra, the question involved was a contest between the authority of the trustee in bankruptcy and the state court, and the question whether the provisions of the Ohio statute in question were suspended by virtue of the Bankruptcy Act of 1898. After an extended discussion, the opinion of the court rendered by Justice Day, refers to the statute of Ohio, §§6343 and 6344, RS, and subsequent numbering of the sections, and considers these sections in connection with the chapter concerning insolvent debtors. The court in the opinion sums the question up under three heads:

"(a) Whether the Bankruptcy Act of the United States, in force on the dates herein mentioned, operated to suspend §6343 of the Revised Statutes of Ohio, as said section stood February 2, 1910.

"(b) Whether the Bankruptcy Act operated to suspend the sections into which §6343 was divided and numbered, February 15, 1910, by the General Code of Ohio, to-wit, §§11102, 11103, 11104, and 11105, GC, as such sections existed May 5, 1910."

The court answers both these questions as follows:

"From what we have said it follows that questions A and B should be answered in the negative."

In the course of the opinion the court stated:

"If the Ohio statutes in the feature now under consideration be suspended, it would follow that a person in Ohio might successfully claim a part of the estate which is being administered in bankruptcy, although the conveyance under which the property is claimed is voidable under the laws of the state where it was made and the alleged right in the property secured. We think that Congress in the Bankruptcy Act did not intend any such result, but meant to permit the trustee in bankruptcy to have the benefit of state laws of this character which do not conflict with the aims and purposes of the federal law. And certainly, in view of the provisions of §70e of the Bankruptcy Act, Congress did not intend to permit a conveyance such as is here involved to stand which creditors might attack and avoid under the state law for the benefit of general creditors of the estate."

Quoting further, the court states:

"The part of §6343 (now §§11104 and 11106, GC), which enables the court to appoint a receiver to take charge of all the

assets of the debtor or debtors, including the property conveyed, and administer the same for the equal benefit of creditors, is the new feature of the law.

"It is apparent that this section intends to permit the appointment of a receiver to take charge of all the assets of the debtor when the provisions of the statute apply as to the debtor and his transferee, and the latter is required to know of the fraudulent intent on the part of the debtor.

"Creditors are not thereby deprived of rights, but in case of bankruptcy proceedings within four months of a general assignment for creditors, as was the case here, the property may be brought into the bankruptcy court, or, as in this case, may be in its possession and be retained in that court to be administered for the benefit of general creditors. ·This state statute is not opposed to the policy of the bankruptcy law or in contravention of the rules and principles established by it with a view to the fair distribution of the assets of the insolvent. It is only state laws which conflict with the bankruptcy laws of Congress that are suspended; those which are in aid of the Bankruptcy Act can stand." Citing Miller v New Orleans Fertilizer Co., 211 U. S., 406.

While we incline to the view that objection to the jurisdiction and procedure in the state court is a right limited to the trustee or referee in bankruptcy, it is not necessary to rely on that proposition to determine the question.

Our conclusion is, that the bankruptcy proceeding did not suspend the jurisdiction of the state court, nor abate the action brought by the plaintiff under the state law. The bankruptcy proceeding, set up in the supplemental answers, presents no defense to the petitions.

The demurrers will be sustained, and the causes are remanded to the Court of Common Pleas for further proceedings according to law.

ROSS, PJ, and CUSHING, J, concur.